**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS UNITED,<br>1006 Pennsylvania Avenue, S.E.<br>Washington, DC 20003,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE,<br>The Executive Office<br>Office of the Legal Adviser, Suite 5.600<br>600 19th Street NW<br>Washington, DC 20522,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 18-1252<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Citizens United brings this action against Defendant the United States Department of State ("State Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Citizens United is a Virginia non-stock corporation with its principal place of business in Washington, D.C. Citizens United is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of

the U.S. Internal Revenue Code.  Citizens United seeks to promote social welfare through informing and educating the public with respect to conservative ideas and positions on issues, including constitutional principles, national defense, the free enterprise system, belief in God, and the family as the basic unit of society.  In furtherance of those ends, Citizens United produces and distributes information and documentary films on matters of public importance.  Citizens United regularly requests access to the public records of federal government agencies, entities, and offices, to disseminate its findings to the public through its documentary films and publications.

4. Defendant, the United States Department of State, is an agency of the United States Government and is headquartered at 2201 C Street N.W., Washington, D.C. 20520.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. Citizens United routinely submits FOIA requests, and this matter concerns one FOIA request letter submitted to Defendant on March 7, 2018, which Defendant has refused to process.

6. On March 7, 2018, Citizens United submitted a FOIA request, online, to Defendant.  *See* Exhibit A.  The request reasonably described the records sought as:

> [A]ll contracts between the U.S. Department of State and the following persons/entities: Christopher Steele; Christopher Burrows; Orbis Business Intelligence Limited; Orbis Business International Limited; Walsingham Training Limited; Walsingham Partners Limited; Perkins Coie; Fusion GPS; Cody Shearer; or Sidney Blumenthal.

The time period covered by the FOIA request was January 1, 2009 to March 6, 2018.

7. Citizens United, as a member of the media, requested expedited processing of this FOIA request.  *See* Exhibit A.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to Citizens United's FOIA requests within 20 working days of each request.

9. The State Department acknowledged receipt of the FOIA request on the date of its submission.  See Exhibit B.

10. In a letter dated March 9, 2018, Defendant acknowledged receipt of Citizens United's FOIA request, assigned the request Case Control Number F-2018-01743, and informed Citizens United that the request would not be processed and the case had been closed.  *See* Exhibit C.

11. With regard to Citizens United's FOIA request, Defendant responded with a form letter stating, "we have determined that we cannot process your request for the following reason(s)," and checking the box next to "You have not reasonably described the records you seek in a way that someone familiar with Department records and programs could locate them." Defendant added a notation only stating "contract numbers."  Defendant's response concluded, "Accordingly, your request is invalid and your case has been closed."  Defendant's response did not provide any notice of a right to file an administrative appeal.

12. As of the date of this Complaint, Defendant has failed to conduct a search for any responsive records, nor has it asserted any claims that responsive records are exempt from production.  Such refusal is in clear violation of both the letter and the spirit of FOIA.

13. Since Defendant has refused to conduct a search as required by 5 U.S.C. § 552(a)(3)(C) within the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), and Defendant's notice failed to advise Plaintiff of its right to appeal as required by 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa), Defendant's notice was insufficient to trigger a requirement to exhaust all administrative

remedies with respect to Plaintiff's FOIA request. *See Oglesby v. United States Dep't of Army*, 920 F.2d 57, 67 (D.C. Cir. 1990).

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

14. Plaintiff realleges paragraphs 1 through 13 as though fully set forth herein.

15. Defendant has refused to conduct a search, failed to provide any records, and failed to claim any exemptions regarding Citizens United's March 7, 2018 FOIA request for copies of all contracts between the U.S. Department of State and the persons/entities as stated in the request (F-2018-01743) within the statutory time limit.

16. Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Citizens United requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Citizens United's FOIA request and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Citizens United's request;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Citizens United's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Citizens United's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

      /s/ Jeremiah L. Morgan
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
CITIZENS UNITED

Dated: May 30, 2018